UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSCAR ALEJANDRO CARRILLO,

    Plaintiff,

    v.

WILLIAM MUNIZ,

    Defendant.

Case No. 15-cv-02561-JSC

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence in state court.[1] He has paid the filing fee. Because the petition states a cognizable claim for relief, a response from Respondent is warranted.

## BACKGROUND

In 2012, Petitioner was convicted of murder in Contra Costa County Superior Court, and sentenced to a life term in state prison. The California Court of Appeal affirmed the judgment on appeal. The instant federal petition followed.

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 3.)

**DISCUSSION**

I.    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.    Legal Claims

The petition raises one claim for relief: the trial court admitted statements by Petitioner to the police that were obtained in violation of his rights under *Miranda v. Arizona*, 384 U.S. 486 (1966). This claim is sufficient to warrant an answer from Respondent.

Petitioner has also written a letter (Dkt. No. 4) in which he states that he sent documents to a family member raising additional claims. These documents have not been received by the Court and are not presently part of the case. If Petitioner wishes to present any claims besides his *Miranda* claim to the Court, he must do so by filing an amended petition. The amended petition must include <u>all</u> of the claims he wishes to present, including his *Miranda* claim, and may not incorporate material from the original petition by reference.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order, and the docket sheet for this case, on Petitioner.

2. Respondent shall complete and file the Magistrate Judge jurisdiction consent form in accordance with the deadline provided on the form.

3. Respondent shall also file with the Court and serve on Petitioner, within **ninety-one (91) days** of the date this Order is issued, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

4. Respondent may, within **ninety-one (91) days** of the date this Order is issued, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

//

//

3

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 17, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge