UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ALEJANDRO CARRILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM MUNIZ,<br><br>    Defendant. | Case No. 15-cv-02561-JSC<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO STAY; DENYING LEAVE TO FILE AMENDED PETITION**<br><br>Re: Dkt. No. 6 |

       Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. 2254 challenging the constitutionality of his state conviction.[1] The petition raises one claim for relief: that the trial court admitted statements by Petitioner to the police that were obtained in violation of his rights under *Miranda v. Arizona*, 384 U.S. 486 (1966). The Court found that the claim was sufficient to warrant an answer, and ordered Respondent to show cause why the petition should not be granted. The Court further noted that Plaintiff indicated that he might have additional claims not presented in the petition. Accordingly, Petitioner was advised that if he wished to pursue additional claims, he would have to file an amended petition.

       Petitioner filed an amended petition in which he requests a stay while he exhausts two additional claims -- of prosecutorial misconduct and ineffective assistance of counsel.[2] To obtain such a stay, Petitioner is required to show that the additional claims he is pursuing are potentially

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 3.)
[2] The amended petition also includes a "Pitchess motion," i.e. a motion to discover police personnel files under *Pitchess v. Superior Court*, 11 Cal. 3d 531 (1974). That motion is based upon state law and may only be brought in state court, not federal court.

meritorious, and to show cause for his failure to exhaust his claims in the state courts *before* he filed the instant federal petition. *See Rhines v. Webber* 544 U.S. 269, 278-79 (2005). Petitioner's unexhausted claims are potentially meritorious insofar as he asserts the violation of his federal constitutional rights to due process and to counsel. He has not, however, explained why he did not exhaust his claims prior to filing the instant federal petition, let alone shown cause for the failure. Consequently, the motion for a stay is DENIED without prejudice to filing another such motion **within 28 days of the date this Order is filed. The motion must** show cause for not exhausting his two unexhausted claims before filing the instant federal petition; that is, he must explain why he has a good reason for not earlier exhausting the claims. <u>If Petitioner fails to file such a motion within that time, or the motion is without merit, this case will proceed solely on the basis of the exhausted *Miranda* claim in the original petition, and Petitioner will not be allowed a further opportunity to obtain a stay for purposes of exhausting additional claims.</u>

In the meantime, Respondent shall follow the instructions set forth in the Order to Show Cause, and this case will proceed based upon the original petition. Leave to file the amended petition is DENIED because it only includes the two new and unexhausted claims. Petitioner may pursue the two new claims by filing a motion for leave to file an amended petition that includes them, either after the two claims are exhausted or in conjunction with a renewed motion for a stay as described above. If he wishes to keep pursuing his existing *Miranda* claim, he <u>must</u> include it in any amended petition he seeks to file.

**IT IS SO ORDERED.**

Dated: Oct. 7, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge